UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERIC ANTHONY TILLMAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00592-JPH-MJD |
| ) | |
| S. BRYANT, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint, Dismissing Insufficient Claims,
and Directing Issuance of Process**

Plaintiff Eric Tillman, Jr., is an inmate at the United States Penitentiary in Florence, Colorado.[1] He files this action alleging violations of his constitutional rights while he was incarcerated at the United States Penitentiary in Terre Haute, Indiana. Because Mr. Tillman is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

---

[1] Although Mr. Tillman's complaint states he is incarcerated in Terre Haute, Indiana, the Federal Bureau of Prisons website indicates he is currently incarcerated in Florence, Colorado. *See* Federal Bureau of Prisons, *Inmate Locator*, available at www.bop.gov/inmateloc/ (last visited Feb. 16, 2021).

1

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Tillman brings this action alleging violations of his constitutional rights pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *King v. Federal Bureau of Prison*, 415 F.3d 634, 636 (7th Cir. 2005) (*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . ."). Mr. Tillman names eleven defendants: 1) Correctional Officer S. Bryan; 2) Lieutenant D. Ramey; 3) Lieutenant J. Sims; 4) Lieutenant J. Sherman; 5) Warden B. Lammer; 6) A. W. Guess; 7) E. Booe; 8) K. Springer; 9) S. Williams; 10) Turner; and 11) A. W. E. Emmerich.

Mr. Tillman alleges that E. Booe, K. Springer, and S. Williams discriminated against him because they believed Mr. Tillman was gay. Specifically, on June 10, 2020, E. Booe denied Mr. Tillman's transfer to a residential re-entry center and told Mr. Tillman "she did it because [he] was gay and had warrants." Dkt. 1 at 2. Mr. Tillman also alleges that S. Williams and K. Springer discriminated against him by placing him in a cell with someone who did not want to be housed with an individual who was gay. Both S. Williams and K. Springer told Mr. Tillman he would not "get any special privileges fag." *Id*. Finally, Mr. Tillman alleges that S. Williams and K. Springer discriminated against him by denying him contact with his attorney for five weeks. Mr. Tillman

asserts that E. Booe, S. Williams, and K. Springer took these actions to retaliate against Mr. Tillman for filing a grievance against E. Booe.

In June 2020, Correctional Officer S. Bryan made several disparaging remarks to Mr. Tillman. First, in response to Mr. Tillman's request for five more minutes of phone time, Correctional Officer Bryan stated, "I got 5 hanging down low for you." Dkt. 1 at 3. He also said, "I'll beat your mouth and your ass up," to Mr. Tillman after overhearing Mr. Tillman jokingly threaten to beat up another inmate. *Id.* On another occasion, Correctional Officer Bryan stopped at Mr. Tillman's cell and said, "Damn girl[,] you make me hot." *Id.* Finally, in September 2020, after Mr. Tillman was moved to another unit, Correctional Officer Bryan came onto the unit, stopped at Mr. Tillman's cell door and, while grabbing his genitals, said, "[G]irl I only do this job for pussy." *Id.*

### III. Discussion of Claims

First, all claims against Lieutenant D. Ramey, Lieutenant J. Sims, Lieutenant J. Sherman, Warden B. Lammer, A. W. Guess, Turner, and A. W. E. Emmerich are **dismissed for failure to state a claim upon which relief may be granted.** *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King*, 415 F.3d at 636. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Although Mr. Tillman names these individuals as defendants, he makes no factual allegations against them and thus has failed to state a claim against them.

Next, Mr. Tillman's Fourteenth Amendment equal protection claims against E. Booe, S. Williams, and K. Springer are **dismissed for failure to state a claim upon which relief may**

3

**be granted**. To state an equal protection claim, Mr. Bell must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Mr. Tillman has not alleged that he was a member of a protected class. Rather, he alleges that these individuals discriminated against him "because of what they thought [his] sexual orientation was." Dkt. 1 at 4; *see also id.* at 2 (alleging that these individuals discriminated against him "because they heard [he] was gay"). Without an allegation that he was a member of a protected class, Mr. Tillman has failed to state a claim.

With respect to Mr. Tillman's First Amendment retaliation claims, the Supreme Court has "never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). And "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abassi*, 137 S. Ct. 1843, 1857 (2017) (internal quotations omitted). Still, it would be error to dismiss Mr. Tillman's retaliation claim at the screening stage because the question of whether *Bivens* provides a vehicle to litigate First Amendment claims is unsettled in the Seventh Circuit. *Haas v. Noordeloos*, 792 F. App'x 405, 406 (7th Cir. 2020). Therefore, Mr. Tillman's First Amendment retaliation claims against E. Booe, S. Williams, and K. Springer **shall proceed** as submitted.

Finally, Mr. Tillman may have stated an Eighth Amendment cruel and unusual punishment claim against Correctional Officer S. Bryan. *See Beal v. Foster*, 803 F.3d 356, 359 (7th Cir. 2015) (finding dismissal of similar claim at screening "premature"). However, "[a] prisoner may join defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transaction or occurrences." *Mitchell v. Kallas*, 895 F.3d 492,

502-03 (7th Cir. 2018) (citing Fed. R. Civ. P. 20(a)(2)(A) and *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Instead of *sua sponte* severing the Eighth Amendment claim against Correctional Officer S. Bryan, Mr. Tillman shall have the opportunity to determine whether this claim shall be severed into a new action or dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If a new action is opened, Mr. Tillman will be responsible for a filing fee in the new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case. Mr. Tillman shall have **through March 26, 2021,** in which to **notify the Court** whether he wishes the Court to sever his Eighth Amendment claim into a new action. If he fails to respond by this deadline, the Eighth Amendment claim against Correctional Officer S. Bryan will be dismissed without prejudice.

## IV. Issuance of Process

**Personal service is required** in serving defendants 1) E. Booe, 2) S. Williams, and 3) K. Springer. The Marshal for this District or his designee shall serve the summons, together with copies of the complaint, dkt. [1], and this Order, on the defendants pursuant to Federal Rule of Civil Procedure 4(i)(2)-(3), at the expense of the United States.

To serve the United States, the **clerk is directed** to issue a single summons to the United States Attorney for this District and the United States Attorney General pursuant to Federal Rule of Civil Procedure 4(i)(1). The Marshal for this District is directed to **serve** the summons, the complaint, dkt. [1], and a copy of this Order by registered or certified mail at the expense of the United States.

502-03 (7th Cir. 2018) (citing Fed. R. Civ. P. 20(a)(2)(A) and *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Instead of *sua sponte* severing the Eighth Amendment claim against Correctional Officer S. Bryan, Mr. Tillman shall have the opportunity to determine whether this claim shall be severed into a new action or dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If a new action is opened, Mr. Tillman will be responsible for a filing fee in the new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case. Mr. Tillman shall have **through March 26, 2021,** in which to **notify the Court** whether he wishes the Court to sever his Eighth Amendment claim into a new action. If he fails to respond by this deadline, the Eighth Amendment claim against Correctional Officer S. Bryan will be dismissed without prejudice.

## IV. Issuance of Process

**Personal service is required** in serving defendants 1) E. Booe, 2) S. Williams, and 3) K. Springer. The Marshal for this District or his designee shall serve the summons, together with copies of the complaint, dkt. [1], and this Order, on the defendants pursuant to Federal Rule of Civil Procedure 4(i)(2)-(3), at the expense of the United States.

To serve the United States, the **clerk is directed** to issue a single summons to the United States Attorney for this District and the United States Attorney General pursuant to Federal Rule of Civil Procedure 4(i)(1). The Marshal for this District is directed to **serve** the summons, the complaint, dkt. [1], and a copy of this Order by registered or certified mail at the expense of the United States.

## V. Conclusion

Mr. Tillman's First Amendment retaliation claims **shall proceed** against E. Booe, S. Williams, and K. Springer. His Fourteenth Amendment equal protection claims against these individuals are **dismissed**. Additionally, all claims against Lieutenant D. Ramey, Lieutenant J. Sims, Lieutenant J. Sherman, Warden B. Lammer, A. W. Guess, Turner, and A. W. E. Emmerich are **dismissed**.

Finally, Mr. Tillman shall have **through March 26, 2021,** to notify the Court whether he wishes to sever his Eighth Amendment cruel and unusual punishment claim against Correctional Officer S. Bryan into a new action. If Mr. Tillman does not respond by this deadline, this claim will be **dismissed without prejudice** as improperly joined.

The **clerk is directed** to terminate Lieutenant D. Ramey, Lieutenant J. Sims, Lieutenant J. Sherman, Warden B. Lammer, A. W. Guess, Turner, and A. W. E. Emmerich as defendants on the docket.

Additionally, the **clerk is directed** to update Mr. Tillman's address on the docket consistent with the address provided below.

Process shall be issued as described in Section IV.

**SO ORDERED.**

Date: 3/1/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC ANTHONY TILLMAN, JR.
54952-039
USP FLORENCE-HIGH
U.S. PENITENTIARY
P.O. BOX 7000
FLORENCE, CO 81226

United States Marshal
Southern District of Indiana
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204