UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERIC ANTHONY TILLMAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00592-JPH-MJD |
| ) | |
| E. BOOE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AS MOOT**

Plaintiff Eric Anthony Tillman, Jr., filed a civil rights complaint against 11 defendants. He set forth Fourteenth Amendment equal protection claims, First Amendment retaliation claims, and Eighth Amendment claims related to his incarceration at USP-Terre Haute. He remains in federal custody but is now housed at USP Florence-High.

The Court previously screened his complaint and permitted Mr. Tillman to proceed with First Amendment retaliation claims against defendants E. Booe, S. Williams, and K. Springer. Dkt. 17. The Court also determined that Mr. Tillman may have stated an Eighth Amendment claim against defendant S. Bryan. Dkt. 17. The claims against Officer Bryan were, however, dismissed without prejudice after Mr. Tillman failed to respond to the Court's Order directing him to indicate whether he wanted the claims against Officer Bryan to be severed or dismissed without prejudice. *See* dkt. 28.

1

The remaining defendants have moved to dismiss Mr. Tillman's complaint for failure to state a claim or, in the alternative, for summary judgment because Mr. Tillman failed to exhaust his administrative remedies. Dkt. 32.[1] Mr. Tillman has not filed a response, and the deadline for doing so has passed. For the reasons stated below, the defendants' motion to dismiss is **GRANTED** and the alternative motion for summary judgment is **DENIED AS MOOT**.

## II. Motion to Dismiss for Failure to State a Claim

Mr. Tillman alleges that the defendants violated the First Amendment by retaliating against him for bringing a grievance. *See* dkt. 1. He brings his retaliation claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005) (explaining that *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers "). The defendants seek to dismiss these claims for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The defendants argue that *Bivens* does not create a cause of action for First Amendment retaliation claims. Dkt. 33 at 4–12. Expanding *Bivens* to new types of claims is a "disfavored judicial activity," and the Supreme Court has established a process for lower courts to determine whether a *Bivens* remedy is

---

[1] The defendants titled their motion, "Motion to Dismiss and Motion for Summary Judgment." Dkt. 32. Because the Court cannot simultaneously dismiss the complaint and grant summary judgment, the Court understands the request for summary judgment as an alternative motion.

2

available for a constitutional claim involving federal actors. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). First, a court must ask whether the claim presents a new *Bivens* context. *Id.* at 1859. If it does, the court then asks whether there are any special factors that counsel hesitation against granting the extension. *Id.* at 1864–65.

This Court has consistently held that a plaintiff cannot rely on *Bivens* to bring a First Amendment retaliation claim. *See Fulks v. Watson*, No. 2:19-cv-501-JPH-MJD, 2021 WL 1225922, at *2–6 (S.D. Ind. Mar. 31, 2021) (after recruiting counsel to argue the issue, holding that retaliation claims presented a new context and that special factors counsel against extending *Bivens* to these claims); *Ajaj v. Kruger*, No. 2:20-cv-244-JPH-MG, 2021 WL 4287497, at *2 (S.D. Ind. Sept. 21, 2021) (holding that plaintiff could not rely on *Bivens* to bring a First Amendment retaliation claim); *see also Decker v. Bradley*, No. 2:19-cr-616-JRS-MJD, 2021 WL 1531178, at *2 n.2 (S.D. Ind. Apr. 18, 2021) (collecting cases). The Third and Fourth Circuits have reached the same conclusion. *Earle v. Shreves*, 990 F.3d 774 (4th Cir. 2021), *petition for cert. filed* (U.S. July 30, 2021) (No. 21-5341); *Bistrian v. Levi*, 912 F.3d 79 (3d Cir. 2018).

Mr. Tillman offers no reason to reconsider the conclusion this Court reached in *Fulks*. Indeed, he did not even respond to the defendants' motion to dismiss.

Accordingly, Mr. Tillman's First Amendment retaliation claims are **DISMISSED** for failure to state a claim upon which relief may be granted.

### III. Alternative Motion for Summary Judgment

Because the Court has dismissed Mr. Tillman's claims, the defendants' alternative motion for summary judgment on exhaustion grounds is **DENIED as moot**.

### IV. Conclusion

For the reasons stated above, the defendants' motion to dismiss or, in the alternative, for summary judgment, dkt. [32], is **granted in part** and **denied in part as moot**. Mr. Tillman's First Amendment retaliation claims are dismissed for failure to state a claim in light of *Ziglar v. Abassi*. As a result, the defendants' alternative request for summary judgment is moot.

Because all of Mr. Tillman's claims have been dismissed, final judgment in accordance with this Order shall now issue.

**SO ORDERED.**

Date: 10/8/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC ANTHONY TILLMAN, JR.
54952-039
FLORENCE - HIGH USP
FLORENCE HIGH U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 7000
FLORENCE, CO 81226

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov